IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

RICHARD A. HUGHES and )
H. KAREN HUGHES, )
)
Plaintiffs, )
)
v. ) C.A. No. N18C-01-289 CEB
)
IMPERIAL HOME REMODELING )
LLC and GIOVANNI ESPOSITO )
a/k/a JOHN ESPOSITO, )
)
Defendants. )

Submitted: May 16, 2018
Decided: May 17, 2018

## ORDER

I have before me a motion to dismiss filed by defendant Giovanni Esposito a/k/a John Esposito ("Esposito") in this matter. As briefly as it can be stated, this is an action brought by Karen and Richard Hughes, homeowners in Newark, DE. who claim damages from work done by Mr. Esposito's company, Imperial Home Remodeling, LLC ("Imperial"). The Hughes' complaint was filed in the Court of Common Pleas, alleging damages of $49,000. Upon counsel for the defendants' entry of appearance, the case was transferred to this Court.

The motion to dismiss points out that the signed contract between the Hughes's and Esposito was actually with Imperial and, since Esposito only signed

1

the contract on behalf of Imperial and not in his own capacity, there can be no personal liability as to him and he therefore should be dismissed from the case.

The plaintiffs concede that two of their claims – for breach of contract and breach of warranty -- are limited to the legal entity that signed the contract. Plaintiffs argue, however, that their remaining counts, for negligence, consumer fraud, and deceptive practices do not require dismissal because Esposito, even if acting as agent for Imperial, may still be liable for his own conduct, regardless whether he was acting as an agent for Imperial.

Support for plaintiff's position can be found in the Restatement (Third) of Agency, §7.01, which states that "Unless an applicable statute provides otherwise, an actor remains subject to liability although the actor acts as an agent or an employee, with actual or apparent authority, or within the scope of employment."

Thus, while the "corporate veil" may shield defendant Esposito from individual liability for damages caused by his limited liability company, it does not shield him from his own torts, whether committed in his individual capacity or as agent for his limited liability company. For example, in *State ex rel. Brady v. Preferred Florist Network, Inc.,*[1] Vice Chancellor Lamb found the pleadings in a consumer fraud complaint sufficient where the defendant, acting through a New Jersey corporation, was alleged to have engaged in deceptive business practices,

---

[1] 791 A.2d 8, 21-22 (Del. Ch. 2001).

2

saying the individual defendant would not be "shielded from liability simply because he was acting in a corporate capacity when he allegedly participated in conduct violative of the CFA and the UDTPA."[2]

Defendant points the Court to the "fine print" of the Hughes/Imperial home improvement contract and a provision that defendant calls an "Integration Clause" that excluded reliance on representations not contained in the agreement. The Integration Clause may be given effect, but it may not. We see several cases that have read such clauses quite narrowly.[3] And while the exact nature of the representations and defects are not fleshed out at this early stage of the case, we note that defendants' answer avers that the contract was not completed because Imperial was "prevented from completing work by the City of Newark."[4] This is consistent with the representations at oral argument that Imperial is not licensed to do business in Newark, DE. That may, or may not, be relevant to the representations made at the time of contracting, but it does demonstrate that dismissing defendant at this stage would be inappropriate.

---

[2] Id. at 22.

[3] *See generally Kronenberg v. Katz*, 872 A.2d 568, 593 (Del. Ch. 2004); *Alltrista Plastics, LLC v. Rockline Industries*, Inc., 2013 WL 5210255 at *5 (Del. Super. 2013); *Aviation West Charters, LLC v. Freer*, 2015 WL 5138285 at 7-8 (Del. Super. 2015).

[4] Answer ¶6, 8.

3

Whether all of this adds up to summary judgment in favor of either defendant is too early to tell. The motion before the Court is to dismiss John Esposito in his individual capacity, which the Court will do, as to the two contract counts. The Court will not dismiss tort/misrepresentation counts as the parties must develop a record upon which such claims can be examined. As to defendants' integration clause arguments, the Court cannot rule as a matter of law that the mere presence of such a clause in a contract bars plaintiffs from presenting their evidence of fraud or misrepresentation. Defendants may raise their arguments again upon full discovery, assuming there are by then no factual issues in dispute.

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** as to Counts 1 and 2 and **DENIED** as to the remaining Counts.

**IT IS SO ORDERED**.

_____

Judge Charles E. Butler

4